IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

| | |
|---|---|
| D'WAN LEWIS, ) | |
| ) | DEBRA P. HACKETT, CLK |
| Plaintiff, ) | U.S. DISTRICT COURT |
| ) | MIDDLE DISTRICT ALA |
| ) | Civil Action No: 2:17-cv-407 |
| ) | |
| -vs- ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| MONTGOMERY FITNESS, INC. ) | |
| dba PLANET FITNESS, ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, D'wan Lewis, by and through his attorney, and for his complaint against Defendant Planet Fitness hereby states and alleges as follows:

### NATURE OF THE CASE

1. This is an action for damages, declaratory and injunctive relief to redress deprivation of rights secured by 42 U.S.C. § 1981, for racial discrimination and for retaliation for having complained of racial discrimination.

### JURISDICTION AND VENUE

2. This action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

3. Jurisdiction over this action is conferred on this Court by 42 U.S.C. § 1981.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) since Defendants do business in this district and the conduct giving rise to the claims occurred in this district.

### PARTIES

5. Plaintiff, D'wan Lewis, is an individual over the age of 19 and a resident citizen of

Montgomery, County Alabama.

6. Defendant Planet Fitness is a New Hampshire corporation with its principal office and place of business located in Newington, New Hampshire. Defendant does business in the State of Alabama, including this district.

7. Defendant Planet Fitness at all times material hereto, was Plaintiff's employer as defined by 42 U.S.C. § 1981, and applicable law.

## STATEMENT OF FACTS

8. On April 15, 2015, Plaintiff, an African-American male, was hired by the Defendant as a staff member at the Planet Fitness located at 3530 Eastdale Circle, Montgomery, AL 36117 in Montgomery County, Alabama. Plaintiff was the employee of Planet Fitness from April 15, 2015 until his termination on December 16, 2015.

9. On or about October 5, 2015, another employee of Planet Fitness, Katherine (Katy) Ruth, a Caucasian female made a denigrating racial comment about an African-American co-worker. While Katy was having a conversation with another African-American employee, the Plaintiff heard her call Kijuan Jones, a "nigger". The Plaintiff asked Katy what she said and Katy responded by saying: "so what my boyfriend and I say it all the time."

10. The Plaintiff and another employee, Jessica Belser, encouraged Kijuan to talk to the manager about Katy's comment.

11. On or about October 5, 2015, Kijuan and the Plaintiff, complained to the manager, Heath York, and the owner, John Havard about the racially denigrating comment made by Katy. Katy was immediately fired for the incident.

12. After Katy was terminated the Defendant began retaliating against the remaining African-American employees, including the Plaintiff. Shortly after Katy's termination, Kijuan was fired for being late to work. Similarly, a white employee, Lane Buford, who had been late three to four times was given preferential treatment because the Defendant opted to change his shift instead of firing him. Another African American employee, Jessica Belser was fired when she could not come into work on the day that she was involved in a motor vehicle accident. Defendant finally fired the Plaintiff for "not smiling at work" on December 16, 2015.

13. Upon termination of the Plaintiff, the Defendant rehired Katy.

## COUNT I
### Violation of 42 U.S.C. § 1981 for Racial Discrimination

14. Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein.

15. The Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits discrimination in the making and enforcement of contracts, including but not limited to: all privileges, terms and conditions of the contractual relationship, and the termination of contracts on the basis of race.

16. Plaintiff had an at-will employment contract with Defendant.

17. Plaintiff's race was a determining factor in Montgomery Fitness Inc.'s decision to terminate Plaintiff, subjected Plaintiff to less favorable terms and conditions of employment, and harassed Plaintiff during his period of employment.

18. Defendant knowingly and willfully discriminated against Plaintiff on the basis of his race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**WHEREFORE,** as a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation, and damage to her professional reputation, in amounts to be proved at trial.

## COUNT II
### Violation of 42 U.S.C. § 1981 for Retaliation

19. Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein.

20. The Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits discrimination in the making and enforcement of contracts, including but not limited to; all privileges, terms and conditions of the contractual relationship, and the termination of contracts on the basis of race.

21. Plaintiff had an at-will employment contract with Defendant.

22. Defendant, by and through its agents and employees, retaliated against Plaintiff as a result of his engagement in the protected activity detailed above. These retaliatory actions by Defendant against Plaintiff directly relate to the terms and conditions of Plaintiff's employment with the Defendant and violate 42 U.S.C. §1981.

**WHEREFORE,** as a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation, and damage to his professional reputation, in amounts to be proved at trial.

## COUNT III

### Negligent and /or Wanton Hiring, Training, Supervision and Retention

23. Plaintiff re-alleges and incorporates by reference all allegations contained in each

paragraph above as if asserted herein.

24. The Defendant Planet Fitness negligently, recklessly, wantonly and/or intentionally hired employees, managers and/or supervisors within its corporation that it knew would in the future and had in the past discriminated against the Defendant Planet Fitness employees based upon their race.

25. The owners, managers and/or supervisors knew, or in the exercise of reasonable care should have known, that race discrimination was being engaged in by its employees yet did nothing to prevent such discrimination by its employees. Indeed, the Defendant Planet Fitness actively encouraged such race based discrimination by rehiring an employee who had been previously terminated for use of a racial slur.

26. The Defendant Planet Fitness, once they had actual knowledge of the race based discrimination engaged in by its managerial employees, failed to halt said discrimination; failed to discipline and/or terminate the offending employee[s]; retained said offending employee[s] in their managerial capacity; and encouraged additional discrimination by said employee[s].

27. As a direct and proximate consequence of the Defendant's negligent, reckless, wanton and/or intentional behavior, the Plaintiff has been injured and damaged as follows:

    a. he was caused to suffer direct and continuing financial losses, including, but not limited to, lost salary, lost benefits, lost retirement proceeds, and other financial opportunities;

    b. he was not afforded an opportunity to advance in the Defendant corporation and was denied the benefits thereof;

   c. he has suffered other financial damages, including attorneys' fees and costs;

   d. he has suffered and will continue to suffer embarrassment and humiliation;

   e. he has suffered and will continue to suffer mental anguish and emotional distress;

   f. he has suffered and will continue to suffer lost career opportunities;

   g. he has been otherwise injured and damaged.

**WHEREFORE,** as a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation, and damage to his professional reputation, in amounts to be proved at trial.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays the Court award her the following relief:

1. Enter a judgment for the Plaintiff as to Defendant's liability and responsibility for Plaintiff's damages;
2. Lost wages, including lost fringe benefits, which resulted from the illegal discrimination;
3. Compensatory and punitive damages, including mental and emotional distress, back pay and front pay;
4. Attorney's fees and costs;
5. Award plaintiff such other and further relief as is just and proper; Plaintiff further demands a struck jury to try the issues raised in this matter.

*[signature]*
ASHLEY N. SMITH (SMI312)
Attorney for Plaintiff
**ASB-7096-A56S**

**OF COUNSEL:**

**MILLER SMITH, LLC**
445 Dexter Avenue, Suite 4050
Montgomery, Alabama 36104
Telephone No. (334) 625-6959
Facsimile No. (334) 513-8686
Email: ashley@millersmithllc.com

*[signature]*
ASHLEY N. SMITH (SMI312)